**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES--GENERAL

Case No.   **CV 23-10715-JAK (DTB)**                                      Date: **January 25, 2024**

Title:  **Todd Michael Schultz v. Superior Court of Los Angeles, et al.**
==========================================================================
**DOCKET ENTRY**
==========================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:                    ATTORNEYS PRESENT FOR DEFENDANT(S):

      None present                                                                          None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING EX-PARTE REQUEST TO DETERMINE MATTER OF LAW – JUDGE MICHAEL E. WHITAKER IN VIOLATION OF CCP 170.6 [DKT # 14]**

      On January 10, 2024, plaintiff filed an "Ex-Parte Request to Determine Matter of Law – Judge Michael E. Whitaker in Violation of CCP 170.6" ("Ex Parte"). The Court has read and considered plaintiff's Ex Parte and hereby DENIES the same as premature. The Court notes that the defendants in this matter have not yet been properly served and, accordingly, this matter is not at issue.

      Moreover, it also appears that the relief plaintiff seeks is not available in United States District Court. The Rooker-Feldman doctrine prohibits a lower federal court from having jurisdiction to consider a legal error committed by a state court except in very limited circumstances. See Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court.")

      Plaintiff is reminded that his e-filing privileges may be revoked if his use of the Court's e-filing system is unsatisfactory, and he will be required to file documents on paper but will continue to receive documents via email. (See Application for Permission for Electronic Filing, Dkt. No. 12, paragraph 3.)