UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.   **CV 23-10715-JAK (DTB)**                                  Date: **January 25, 2024**

Title:   **Todd Michael Schultz v. Superior Court of Los Angeles, et al.**
=================================================================
**DOCKET ENTRY**
=================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:               ATTORNEYS PRESENT FOR DEFENDANT(S):
         None present                                                           None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS PREMATURE AND ORDER TO SHOW CAUSE RE: SERVICE OF SUMMONS AND COMPLAINT [DKT # 28]**

## Background

On December 20, 2023, Todd Michael Schultz ("Plaintiff"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff named the "Superior Court of Los Angeles," "Jane Doe," "John Doe," and "Judge Michael E. Whitaker" as the defendants. On December 20, 2023, and December 28, 2023, plaintiff requested the Clerk issue a Summons (Dkt. # 3, 5), which the Clerk issued on December 28, 2023 (Dkt. # 8). On December 30, 2023, Plaintiff filed four proofs of service of the Summons and Complaint (Docket No. 11) which purported to demonstrate service of process on "Jane Doe," "Beverly Hills Courthouse," "Los Angeles Superior Court of California," and "John Doe." The proofs of service for "Jane Doe," "John Doe," and "Beverly Hills Courthouse" state "Successful Attempt: Dec 29, 2023, 3:59 pm PST at 9355 Burton Way Dept 300, Beverly Hills, CA 90210 received by Beverly Hills Courthouse; Jane Doe; John Doe" (identifying information omitted) (Docket No. 11 at 1-2, 4), while the proof of service for "Los Angeles Superior Court of California" states "Successful Attempt: Dec 29, 2023, 2:39 pm PST at 111 North Hill Street, Los Angeles, CA 900125 received by Los Angeles Superior Court (identifying information omitted) (Docket No. 11 at 3).

MINUTES FORM 11                                                                    Initials of Deputy Clerk   SL
CIVIL-GEN

On January 19, 2024, Plaintiff filed a Motion for Summary Judgment (Dkt. # 28), in which he states that "all parties were formally and properly served with the complaint" and that "no party has submitted an answer."

### Plaintiff's Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment is DENIED without prejudice as premature pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.  Although Rule 56(b) allows a party to file a motion for summary judgment "at any time until 30 days after the close of discovery," the rule also allows the Court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery.  Here, as Plaintiff acknowledges, defendants have not responded to the Summons and appeared in this matter, much less conducted discovery.  Accordingly, Plaintiff's Motion for Summary Judgment is premature and inappropriate at this juncture of the proceedings, particularly in light of the status of service as set forth below.  Nothing prevents Plaintiff from filing a future motion for summary judgment that incorporates all relevant materials obtained after the period set for the completion of all discovery as contemplated by Rule 56.

### Proof of Service of the Summons and Complaint

As set forth below, it does not appear Plaintiff has effectuated proper service in this matter.  First, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored."  (Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980.) "However, situations arise where the identity of alleged defendants will not be known prior to the filing of the complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants."  (Id.) Such is the case here, as Plaintiff has named two employees of the clerk's office of the Los Angeles Superior Court as "Jane Doe" and "John Doe."

In order to properly effectuate service of a summons and thereby bring a defendant under a court's jurisdiction and provide a defendant with notice of a pending action, a plaintiff must ascertain a doe defendant's true name, usually through early discovery propounded to the named defendant(s).  Once a doe defendant has been identified, a plaintiff should amend the complaint to substitute the real name of the doe defendant.  See, *e.g.*, Merritt v. Cty of Los Angeles, 875 F.2d 765, 767-68 (9th Cir. 1989); see also Rutter Group, Federal Civil Procedure Before Trial, "Substitutions of Parties" §7.377 ("the complaint may be amended to substitute the name of the real defendant when discovered, as long as there is no unreasonable delay.")  Once the pleadings have been amended to reflect the actual name of the doe defendants, service can then be effectuated on the newly identified defendants.  See

Rose v. Yuba Cnty, No. 22-cv-00338, 2022 WL 12152665, at *3 (E.D. Cal. Apr. 25, 2022) ("[D]ue to the impossibility of serving unknown individuals, the court will not order service on the doe defendants until plaintiff has identified and filed a motion to substitute named defendants for the doe defendants.")

Accordingly, the Court finds that the Summons issued on December 28, 2023 was improperly issued as to the doe defendants and, therefore, QUASHES the Summons. The Clerk is directed to issue a new Summons for the named defendants only.

While Federal Rule of Civil Procedure 4(m) imposes a 90-day deadline for service of process, including on doe defendants (Biesenbach v. Does 1-3, No. 21-cv-08091, 2022 WL 17371156, at *3 (N.D. Cal. July 18, 2022), citing Thompson v. Gomez, No. 11-cv-00125, 2020 WL 417773, at *2 (E.D. Cal. Jan. 27, 2020)), this period may be extended by the Court upon a showing of good cause, particularly with regard to a pro se litigant. (Fed. R. Civ. P. 4(m); Mann v. American Airlines, 324 F.3d 1088, 1090-91.

With respect to the service of Los Angeles County Superior Court and Judge Michael E. Whitaker, it does not appear that the Summons and Complaint were properly served. Federal Rule of Civil Procedure ("FRCP") 4(j)(2), which governs service of process on local government entities, provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . delivering a copy of the summons and of the complaint to its chief executive officer." FRCP 4(j)(2)(A). Alternatively, Rule 4(j)(2)(B) authorizes service in a manner "prescribed by that state's law for serving a summons or like process on such a defendant." FRCP P. 4(j)(2)(B).

Under California law, a plaintiff properly effects service of process on a public agency by serving a "clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). The Roster of Public Agencies, or California Roster, which is kept on file with the California Secretary of State, lists each agency's proper representative and address for service of process. See Cal. Govt. Code § 960.8 ("Service of process in an action or proceeding against a public agency may be made in conformity with the information contained in the statement in the Roster of Public Agencies pertaining to that public agency which is on file at the time of such service.") A plaintiff may also serve an agency's representative through substitute service under California law. To be effective, a plaintiff must leave the summons and complaint at the representative's office with "the person who is apparently in charge" and, thereafter, mail a copy of the documents to the representative at the same address. See Cal. Civ. Proc. Code § 415.20(a).

Here, the proofs of service filed by Plaintiff do not reflect proper service in compliance with the requirements set forth above. According to the California

Roster, it does not appear that the Summons was properly addressed to the defendants, nor do the filed proofs of service reflect proper substitute service. Rather, it appears that the Summons and Complaint were handed to unidentified persons and received by "Stacey Doe, Clerk," and "Jane Doe, Clerk." The proofs of service do not appear to reflect in-person delivery to "the person who is apparently in charge" at the Los Angeles Superior Court, followed by mailing a copy of the documents to the representative at the same address.

The Court directs Plaintiff's attention to the California Secretary of State's "California Roster," available at https://www.sos.ca.gov/administration/california-roster, which provides the address and contact information for all state agencies, departments, boards, and commissions. This roster contains the "information necessary for service of process." 3 Witkin, California Procedure, Actions § 1058 (5th ed. 2008) (citing Cal. Gov. Code § 53051).

Upon receipt of the newly issued Summons, Plaintiff may proceed with service on the defendants.

Plaintiff is reminded that his e-filing privileges may be revoked if his use of the Court's e-filing system is unsatisfactory, and he will be required to file documents on paper but will continue to receive documents via email. (See Application for Permission for Electronic Filing, Dkt. No. 12, paragraph 3.)