1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**
9                  **CENTRAL DISTRICT OF CALIFORNIA**
10
11  TODD MICHAEL SCHULTZ,                  No. 2:23-cv-10715-JAK (DTBx)
12          Plaintiff,                     **ORDER RE AFFIDAVIT IN SUPPORT OF REMOVING JUDGE BRISTOW (DKT. 51), SECOND APPLICATION FOR DEFAULT SUMMARY JUDGMENT (DKT. 57) AND APPLICATION FOR DEFAULT JUDGMENT BY CLERK (DKT. 62)**
13  v.
14  SUPERIOR COURT OF LOS ANGELES, et al.,
15          Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28                              1

Based on a review of the Affidavit in Support of Removing Judge Bristow (the "Motion for Recusal" (Dkts. 51, 53)), Second Application for Default Summary Judgment (the "Second Application" (Dkt. 57)), and Application for Default Judgment by Clerk (the "Application" (Dkt. 62)), insufficient good cause has been shown for the requested relief. Therefore, the Motion and Applications are **DENIED**.

The standard for disqualification of a bench officer is set forth in 28 U.S.C. §§ 144 and 455. Section 144 provides that a party may, once in any case and "not less than ten days before the beginning of the term at the which the proceeding is to be heard," file an affidavit regarding a judge's bias or prejudice. Section 455 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Under both statutes, the substantive standard that applies to such a challenge is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). As a result, "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). The alleged bias must arise from something other than a judicial decision. *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555; *see also United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias.").

There is no showing that Magistrate Judge Bristow has any "personal bias or prejudice" toward Plaintiff, or that his "impartiality might reasonably be questioned." 28 U.S.C. §§ 144, 455. That a bench officer has made rulings that a party deems unfavorable is not a basis for disqualification.

Because the Motion and Applications are denied, this action remains assigned to Magistrate Judge Bristow, who will continue to preside.

This Motion is similar to those that resulted in the issance of the "Order to Show Cause Why Plaintiff Should Not Be Deemed a Vaxatious Litigant," in *Schultz v. Thompson*, Case No. 23-cv-10759-JAK-MRW (C.D. Cal. Dec. 22, 2023) ("OSC" (Dkt. 20)). Plaintiff is reminded of his obligation to make a timely response to the OSC, which could affect the process for future filings in this action.

**IT IS SO ORDERED.**

Dated:  January 30, 2024  _____

John A. Kronstadt

United States District Judge

3