SARAH L. OVERTON (SBN 163810)
LINDSAY N. FRAZIER-KRANE (SBN 251631)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 fax
lkrane@cmda-law.com

Attorneys for Defendants,
the Honorable Michael E. Whitaker,
Judge of the Superior Court of California,
County of Los Angeles; and
Superior Court of California, County of Los Angeles,
erroneously sued as, Superior Court of Los Angeles

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT

|  |  |
|---|---|
| TODD MICHAEL SCHULTZ; <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR COURT OF LOS ANGELES, et al., <br><br> Defendants. | Case No.: 2:23-cv-10715-HDV-DTB <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;** [F.R. Civ. P. Rules 12(b)(1), (6)]; **DECLARATION OF LINDSAY N. FRAZIER-KRANE;** <br><br> **REQUEST FOR JUDICIAL NOTICE; DECLARATION OF LINDSAY N. FRAZIER-KRANE AND EXHIBITS;** <br><br> **[PROPOSED] ORDER** <br><br> Date : March 14, 2024 <br> Time : 10:00 a.m. <br> Courtroom : 4, 3rd Floor <br> Judge : David T. Bristow |

TO PLAINTIFF TODD MICHAEL SCHULTZ, IN PRO PER:

NOTICE IS HEREBY GIVEN that on March 14, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 4, located at 3470 12th

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
{motion to dismiss-1 }

Street, Riverside, CA 92501, 3rd Floor, Courtroom 4, defendants the Honorable Michael E. Whitaker, Judge of the Superior Court of California, County of Los Angeles; and Superior Court of California, County of Los Angeles, erroneously sued as, Superior Court of Los Angeles, will and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for a dismissal of plaintiff's complaint on the following grounds:

1. The complaint is barred against the moving defendants pursuant to the Eleventh Amendment;

2. The complaint is barred against the moving defendants by absolute judicial and quasi-judicial immunity; and

3. The complaint fails to state any claim upon which relief can be granted against the moving defendants.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, the request for judicial notice and exhibits, filed concurrently, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.  Pursuant to Local Rule 7-3, counsel for defendants attempted to meet and confer with plaintiff regarding the substance of the contemplated motion and potential resolution. Plaintiff refused to meet and confer.  Therefore, the parties were unable to reach an agreement that would obviate the need for filing this motion to dismiss.

Dated: February 5, 2024  **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES**

By:   /s/ Lindsay N. Frazier-Krane
        Lindsay N. Frazier-Krane, Esq.
        Attorneys for Defendants,
        the Honorable Michael E. Whitaker,
        Judge of the Superior Court of California,
        County of Los Angeles; and
        Superior Court of California,
        County of Los Angeles, erroneously sued as,
        Superior Court of Los Angeles

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
{motion to dismiss-1 }

1

## <u>TABLE OF CONTENTS</u>

2

Table of Authorities ...............................................................................ii

3

Memorandum of Points and Authorities ...........................................1

4

    I.     Introduction .................................................................1

5

    II.    Statement of Facts .......................................................3

6

    III.   The Eleventh Amendment Bars the Complaint ...........................5

7

    IV.   Absolute Judicial Immunity Bars the Complaint.........................6

8

    V.    The Complaint Fails to State a Claim Upon Which

9

            Relief Can Be Granted ................................................9

10

    VI.   Conclusion ................................................................14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

i

{motion to dismiss-1 }

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES

**Cases**

*Alabama v. Pugh*, 438 U.S. 781 (1978)..................................................................5

*Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016)....................................................................................................................5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).......................................................10

*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) .....................................9

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)..............................11

*Belanger v. Madera Unified School District*, 963 F.2d. 248, 249 (9th Cir. 1992) ...5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ......................................10

*Bontilao v. Superior Court*, 37 Cal.App.5th 980, 1001 (2019).............................13

*Bontilao v. Superior Ct.*, 37 Cal.App.5th 980, 1001 (2019) ...............................12

*Bradley v. Fisher*, 80 U.S. 335, 346 (1872) ........................................................7

*Broughton v. Cigna Healthplans,* 21 Cal.4th 1066, 1081-1082 (1999)..................6

*Brown v. Cal. Dep't of Corr.*, 534 F.3d 747, 752 (9th Cir. 2009)..........................5

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 337, 338 (9th Cir. 1996) ....................10

*Castillo v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002)..................8

*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994) ............10

*Duvall v. County of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001) ..........................7

*Entente Design, Inc. v Superior Court*, 214 Cal.App.4th 385, 390 (2013).............12

*Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ..........................................6

*Hallmark Care Servs. v. Superior Court of Wash. for Spokane Cnty.*, 2019 WL 2718500 ...........................................................................................................9

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)..............................................11

*In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002).................................................7

*Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)......................................11

*Keith v. San Bernardino County Retirement Bd.*, 222 Cal.App.3d 411, 415 (1990) .........................................................................................................11

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

{motion to dismiss-1 }

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

*Kentucky v. Graham*, 473 U.S. 159 (1985) ............................................................. 6

*Lynn v. Friedenthal*, 2011 WL 836456, at 8 (C.D. Cal. Feb. 9, 2011) ................... 9

*Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ............................ 6

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) ................................................................. 6

*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987) ........................................................................................................................ 8

*Munoz v. Superior Ct. of Los Angeles Cnty.,* 2024 WL 89380, at *3 ...................... 6

*Munoz v. Superior Ct. of Los Angeles Cnty.*, No. 22-55941, 2024 WL 89380, at *2 (9th Cir. Jan. 9, 2024) ........................................................................................ 5

*Orion Communications, Inc. v. Superior Court*, 226 Cal.App.4th 152, 157 (2014) ...................................................................................................................... 13

*Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984) ........................................... 5

*Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997) ................................................................................................................... 5

*Reis v. D'Braunstein*, 2008 WL 11342704, at 2 (C.D. Cal. Dec. 15, 2008) ............ 9

*Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d. 530, 534 (9th Cir. 1984) ....... 10

*Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997) ................................................. 8

*Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ........................................ 8

*Stump v. Sparkman*, 435 U.S. 349 (1978) .............................................................. 7

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) ............................ 13

*Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976) ......................................... 11

*Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241, 1244 (9th Cir. 1999) ................................................................................. 5

**Statutes**

42 U.S.C. section 1983 ....................................................................................passim

California Code of Civil Procedure section 170.6 ........................................... 12, 13

California Code of Civil Procedure section 170.6(a)(1) (2) .................................... 13

California Code of Civil Procedure section 170.6(a)(2) ......................................... 12

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

iii

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
{motion to dismiss-1 }

California Government Code section 815.2(b) ........................................................9

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ...........................................................9

**Constitutional Provisions**

California Constitution, Art. VI, § 4..................................................................6

Eleventh Amendment ............................................................................passim

Fifth Amendment......................................................................................4, 7, 12

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

iv

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

{motion to dismiss-1 }

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Todd Michael Schultz ("plaintiff") filed this complaint asserting a single cause of action for alleged violation of his constitutional right of due process pursuant to 42 U.S.C. section 1983. Plaintiff's complaint is nearly incomprehensible and is patently frivolous. Plaintiff appears to allege that defendant Superior Court of California, County of Los Angeles ("Superior Court") is liable for obstruction of justice by its clerk, an unnamed employee, and the Honorable Michael E. Whitaker, Judge of the Superior Court ("Judge Whitaker"). Plaintiff alleges that court clerk, Jane Doe, wrongfully obstructed the filing of his motion for peremptory challenge against Judge Whitaker in an underlying civil action, *Schultz v. Thompson, et al.*, Superior Court case no. 23SMCV05033 (hereinafter "underlying action"). Request for Judicial Notice ("RJN"), ex. 1, docket, *Schultz v. Thompson, et al.*, Superior Court case no. 23SMCV05033. Plaintiff further alleges that Judge Whitaker is liable for the purported violation of his right to due process by the court clerk. Plaintiff's contentions are based, in part, upon his allegation that Judge Whitaker and his courtroom clerks have received negative reviews on a website.

This action is the most recent in a series of complaints related to his dispute with the defendants in the underlying action. In a related action, *Schultz v. Thompson, et al.*, United States District Court, Central District of California, case no. 2:23-cv-10759-JAK (MRWx), the Honorable John A. Kronstadt, Judge of the United States District Court, Central District of California, has issued an order to show cause why plaintiff should not be deemed a vexatious litigant. RJN, ex. 2, order to show cause. The order to show cause states that "[p]laintiff [has] been repeatedly warned about filing plainly deficient pleadings and motions, but the

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

{motion to dismiss-1 }

stream of filings has continued unabated."  RJN, ex. 2, p. 2.   The order also addresses the patently frivolous nature of this action as follows.

> "In a related action, *Schultz v. Superior Ct. of Los Angeles*, Case No. 23-cv-10715-JAK-DTB (C.D. Cal. Dec. 20, 2023), Plaintiff filed a patently frivolous Complaint against the bench officer providing over one of his other lawsuits against Thompson, Holmes, and YouTube. *See* Dkt. 1.  He also named the Superior Court of Los Angeles and two court employees as defendants. Like Plaintiff's other pleadings, the Complaint is nearly incomprehensible. In addition, Plaintiff's claims, to the extent they can be ascertained, are clearly barred by judicial immunity. Even absent judicial immunity, a clerk's weeklong delay in docketing a filing, Plaintiff's desire that the Beverly Hills Courthouse staff provide more information about filing procedures, and Plaintiff's perception that one court employee was rude when she did not know the answer to one of Plaintiff's questions are clearly not a basis for any cause of action. Plaintiff's contention that these matters indicate that Judge Whitaker took bribes to impede Plaintiff's litigation efforts is especially frivolous. The Complaint is also deficient in several other respects. It appears that the Complaint was filed in bad faith and for the purpose of harassing the bench officer presiding over Plaintiff's case and the court employees assisting him."

RJN, ex. 2, pp. 3-4.

As discussed fully below, the motion to dismiss of defendants Judge Whitaker and the Superior Court must be granted.  In addition to being frivolous and wholly without merit, the complaint is barred by the Eleventh Amendment.  Additionally, this lawsuit is barred by absolute judicial and quasi-judicial immunity.  Finally, the complaint fails to state a claim upon which relief can be granted against Judge Whitaker and the Superior Court.  As further amendment of the complaint could not cure these defects, this motion to dismiss should be granted and the complaint dismissed without leave to amend.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

{motion to dismiss-1 }

## II.

## STATEMENT OF FACTS

On October 25, 2023, plaintiff filed the underlying action.  RJN, ex. 1, p. 1; Cmplt., p. 3.  That same day, Judge Whitaker was assigned to preside over the underlying action for all purposes.  RJN, ex. 1, p. 6; ex. 3, notice of case assignment.  On December 8, 2023, plaintiff alleges he went to the courthouse to deliver a motion for peremptory challenge to Judge Whitaker.  Cmplt., p. 3. Plaintiff alleges that he attempted to e-file the motion, but it was rejected with an explanation that he must file a peremptory challenge at the courthouse.  Cmplt., p. 3.  Plaintiff alleges that he went to Judge Whitaker's courtroom, but it was closed for trial.  Cmplt., p. 3.  Therefore, plaintiff entered the administrative office, suite 300, where Jane Doe was standing behind the civil division window.  Cmplt., p. 3.

Plaintiff alleges that he handed the clerk Jane Doe the peremptory challenge and a declaration in support thereof.  Cmplt., p. 4.  Plaintiff alleges that he asked Jane Doe if she could file it and she advised plaintiff that he had to go into the courtroom.  Cmplt., p 4.  Plaintiff explained that there was a trial going on in courtroom and asked if it could be filed with Jane Doe.  Cmplt., p. 4.  Plaintiff alleges that Jane Doe stated, "I don't know."  Cmplt., p. 4.  Plaintiff alleges that Jane Doe reviewed the documents and went to consult with her colleague, John Doe.  Cmplt., pp. 2, 4.  Plaintiff alleges that Jane Doe and John Doe were standing no more than 20 feet away from him when they had a whispered conversation that plaintiff could not hear.  Cmplt., p. 2.  Jane Doe then informed plaintiff that she would put the documents in "his" mailbox.  Cmplt., p. 1.  Presumably, plaintiff is referencing the mailbox for Judge Whitaker.  Plaintiff alleged asked Jane Doe, "does that mean he'll file it?"  Cmplt., p. 1.  Jane Doe allegedly replied, "I don't know."  Cmplt., p. 2.

Thereafter, at a hearing on December 14, 2023, plaintiff asked Judge Whitaker whether he had received the motion and Judge Whitaker said "no."

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

3
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
{motion to dismiss-1 }

Cmplt., p. 4.  Plaintiff alleges that either Judge Whitaker lied about not receiving the motion or Judge Whitaker did not receive the motion and his failure to receive the motion evidences a conspiracy to obstruct justice and violate plaintiff's Fifth Amendment right to due process.  Cmplt., p. 5.

Plaintiff also complains that he has received "upwards of 5 rejections that seemed to lack substantive issue."  Cmplt., p. 2.  Further, plaintiff complains that the Superior Court held a petition for writ of mandate for a week before rejecting it.  Cmplt., p. 2.

Plaintiff contends that the "County of Los Angeles" is liable for his injury due to "their reckless negligence in allowing such a blatant scheme[.]"  Cmplt., p. 3.  Plaintiff is likely referencing the Superior Court given the County of Los Angeles is not a named defendant in this action.  Plaintiff appears to allege that the Superior Court is liable for the actions of Judge Whitaker and his clerks because they have received negative reviews on a website.  Cmplt., p. 3.

Based upon these allegations, plaintiff's complaint alleges a single cause of action against Judge Whitaker and the Superior Court for alleged violation of his constitutional right to due process provided by the Fifth Amendment pursuant to 42 U.S.C. section 1983.  Cmplt., p. 5.  Plaintiff requests that this Court issue an order removing Judge Whitaker as the presiding judge of the underlying state court action.  Cmplt., p. 6.  Plaintiff also requests Judge Whitaker be ordered to pay monetary damages.  Cmplt., p. 6.  Further, plaintiff requests that the "County" should be ordered to pay his legal fees in the underlying action and monetary damages for emotional distress.  Cmplt., p. 6. Finally, plaintiff requests that this Court issue an order requiring the Superior Court to pay for a third-party auditor to review the conduct of the Beverly Hills courthouse.  Cmplt., p. 6.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
{motion to dismiss-1 }

# III.

## THE ELEVENTH AMENDMENT BARS THE COMPLAINT

The Eleventh Amendment states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Eleventh Amendment grants sovereign immunity to states against suits filed in federal court. *See, Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997); *Alabama v. Pugh*, 438 U.S. 781 (1978). "The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016).

The Eleventh Amendment bars actions against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity. *Belanger v. Madera Unified School District*, 963 F.2d. 248, 249 (9th Cir. 1992); *Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241, 1244 (9th Cir. 1999); *Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Brown v. Cal. Dep't of Corr.*, 534 F.3d 747, 752 (9th Cir. 2009). "[T]he Superior Court of the State of California has sovereign immunity as an arm of the state." *Munoz v. Superior Ct. of Los Angeles Cnty.*, No. 22-55941, 2024 WL 89380, at *2 (9th Cir. Jan. 9, 2024).

In addition to the Eleventh Amendment bar against actions involving the state or state agencies, "[t]he 11th Amendment [also] bars suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst v. Halderman*, 465 U.S. at 101. "Personal-capacity suits seek to impose personal liability on a governmental official for actions he takes under color of law."

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

5

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
{motion to dismiss-1 }

*Kentucky v. Graham*, 473 U.S. 159 (1985). "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which the officer is an agent.'"  *Id.*  State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity. See*, Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).  Specifically, judicial officers, such as Judge Whitaker, have been held to be state officials.  *See, e.g.,* Cal. Const., Art. VI, § 4; *Broughton v. Cigna Healthplans,* 21 Cal.4th 1066, 1081-1082 (1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (holding that municipal court judges are "state officials"); *See also Munoz v. Superior Ct. of Los Angeles Cnty.,* 2024 WL 89380, at *3 (state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.)

Here, the Eleventh Amendment bars this action.  Judge Whitaker has been sued in his official capacity for actions allegedly taken under the color of law while presiding over the underlying state action. Cmplt., p. 5.  The Superior Court is named as an official government agency.  Cmplt., p. 3. Additionally, plaintiff alleges that court clerk Jane Doe and John Doe obstructed due process through actions taken under the color of law. Cmplt., p. 5.  Accordingly, Judge Whitaker and the Superior Court are entitled to immunity pursuant to the Eleventh Amendment.  Furthermore, Jane Doe and John Doe, once identified, would also be entitled to immunity pursuant to the Eleventh Amendment.  Thus, the motion to dismiss should be granted without leave to amend as the entire action is barred by the Eleventh Amendment.

## IV.

## ABSOLUTE JUDICIAL IMMUNITY BARS THE COMPLAINT

Absolute judicial immunity and quasi-judicial immunity bar plaintiff's complaint.  The United States Supreme Court has established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[I]t is the general principle of the highest

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

{motion to dismiss-1 }

importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

As stated in *Duvall v. County of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001), "most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."   Indeed, "[j]udicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error." *In re Castillo,* 297 F.3d 940, 947 (9th Cir. 2002).

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349 (1978).  The Court in *Stump v. Sparkman*, 435 U.S. at 362, stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

In the present case, the entirety of the allegations against Judge Whitaker concerns his statements and judicial actions taken during the course of the underlying action.  Plaintiff alleges that Judge Whitaker claimed that he never received plaintiff's motion.  Cmplt, pp. 2, 4.  Plaintiff alleges that either Judge Whitaker lied about not receiving the motion or Judge Whitaker did not receive the motion and his failure to receive the motion evidences a conspiracy to obstruct justice and violate plaintiff's Fifth Amendment right to due process.  Cmplt., p. 5. Plaintiff also alleges there was egregious and visible misconduct during the preliminary trial.  Cmplt., p. 4.  Although plaintiff contends that Judge Whitaker's statements and judicial acts in presiding over the underlying action infringed upon

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

{motion to dismiss-1 }

his constitutional rights and are evidence of a conspiracy, judicial immunity still applies.

Likewise, absolute quasi-judicial immunity applies to court clerks and other nonjudicial officers for purely administrative acts. *Castillo v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002). "[C]ourt personnel are immune from administrative tasks if these tasks are 'judicial in nature and an integral part of the judicial process.'" *Id.* at 951; *see also, Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997). Indeed, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987).

In *Mullis*, plaintiff alleged that the court clerks accepted for filing an incomplete bankruptcy petition, failed to accept for filing an amended petition and failed to give proper notice or advice regarding the bankruptcy petition. *Id.* at 1390. The court found that absolute quasi-judicial immunity applied to the actions of the clerks regardless of whether the complaint alleged mistakes or acts in excess of jurisdiction, "even if it result[ed] in 'grave procedural errors.'" *Id.*; *see also, Rodriguez v. Weprin,* 116 F.3d at 66-67; *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process.).

The Ninth Circuit's reasoning and conclusion in *Mullis* apply with full force here. Here, plaintiff has named court clerk Jane Doe and John Doe as defendants in this action. Plaintiff alleges Jane Doe, in consultation with her colleague John Doe, failed to properly file his peremptory challenge and failed to ensure that Judge Whitaker received the motion. The acts of accepting and filing documents are tasks that are an integral part of the judicial process. Therefore, the complaint is barred against unserved defendants Jane Doe and John Doe pursuant to absolute quasi-judicial immunity.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
{motion to dismiss-1 }

The "broad doctrine of judicial immunity" also covers the Superior Court of California for actions taken by its judges.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Reis v. D'Braunstein*, 2008 WL 11342704, at 2 (C.D. Cal. Dec. 15, 2008); *see also Lynn v. Friedenthal*, 2011 WL 836456, at 8 (C.D. Cal. Feb. 9, 2011), report and recommendation adopted, 2011 WL 863865 (C.D. Cal. Mar. 8, 2011) ("The principle for judicial immunity is the same for both the Superior Court and Commissioner Friedenthal, *i.e.*, so that a judicial officer, in exercising the authority vested in him, can act upon his own conviction, without apprehension of personal consequences."); *Hallmark Care Servs. v. Superior Court of Wash. for Spokane Cnty.*, 2019 WL 2718500, at 5 (E.D. Wash. June 28, 2019) (Spokane County Superior Court and Spokane County, acting through their judges and commissioners, were entitled to judicial immunity), aff'd, 809 F.App'x 435, 436 (9th Cir. 2020); *see also*, Cal. Gov. Code § 815.2(b) ("[e]xcept as otherwise provided by statute, "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.").   Thus, just as Judge Whitaker and his clerks are absolutely immune from liability in this matter, the Superior Court is also entitled to absolute judicial immunity.

Thus, Judge Whitaker and the Superior Court are entitled to absolute judicial immunity.   Moreover, unserved defendants Jane Doe and John Doe are also entitled to absolute quasi-judicial immunity.  Accordingly, the motion to dismiss should be granted without leave to amend.

## V.

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A defendant can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
{motion to dismiss-1 }

cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d. 530, 534 (9th Cir. 1984). In determining whether a case fails to state a claim, "[a]ll allegations and material facts are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 337, 338 (9th Cir. 1996). The court is not, however, required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994).

A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As discussed more fully below, plaintiff has not sufficiently pled the required elements for his cause of action for alleged deprivation of his constitutional right to due process pursuant to 42 U.S.C. section 1983.

42 U.S.C. section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

10
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
{motion to dismiss-1 }

Section 1983 states, in pertinent part, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Thus, the plain language of section 1983 demonstrates that plaintiff cannot state a claim for injunctive relief against Judge Whitaker.

Additionally, to adequately plead federal claims, "[a] plaintiff must allege facts, not simply conclusions that show an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  To plead a claim for violation of rights under section 1983, plaintiff must establish two elements: "(1) the conduct complained of was engaged in under color of state law, and (2) the conduct subjected the plaintiff to the deprivation of rights, privileges, and immunities secured by the Constitution of the United States." *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  To state a claim against an individual defendant, a plaintiff must allege specific facts showing the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendants' alleged wrongful conduct and the alleged constitutional deprivation.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Here, the complaint fails to state *facts*, as opposed to conclusory allegations and mere speculation, against Judge Whitaker and the Superior Court to support a cause of action for alleged violation of his constitutional right to due process.  Procedural due process requires, at a minimum, notice, and an opportunity to be heard in a proceeding which is '... adequate to safeguard the right for which the constitutional protection is invoked.'" *Keith v. San Bernardino County Retirement Bd.*, 222 Cal.App.3d 411, 415 (1990).

With respect to Judge Whitaker, plaintiff alleges that at a hearing on December 14, 2023, plaintiff asked Judge Whitaker whether he had received the

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

{motion to dismiss-1 }

motion and Judge Whitaker said "no." Cmplt., p. 4. Without any additional *facts*, plaintiff alleges that either Judge Whitaker lied about not receiving the motion or Judge Whitaker did not receive the motion and his failure to receive the motion evidences a conspiracy to obstruct justice and violate plaintiff's Fifth Amendment right to due process. Cmplt., p. 5. These conclusory allegations are not sufficient to state a claim for violation of a constitutional right by Judge Whitaker. Plaintiff has not alleged specific facts to show that Judge Whitaker was involved in the alleged failure to file plaintiff's motion. Plaintiff does not allege that Judge Whitaker deprived him of notice or opportunity to be heard at the December 14, 2023, hearing. Plaintiff has failed to allege that Judge Whitaker had any personal involvement in a constitutional deprivation.

Additionally, plaintiff's peremptory challenge was untimely and the alleged failure to said motion did not deprive him of any constitutional right. When a civil case is assigned to a judge for all purposes, any peremptory challenge to that judge must be made within 15 days after notice of the assignment, or if the party making the challenge has not yet appeared in the action, within 15 days after the party's appearance. California Code of Civil Procedure section 170.6(a)(2); *Entente Design, Inc. v Superior Court*, 214 Cal.App.4th 385, 390 (2013). "The procedural limitations embodied in the statute, which include its timing rules, therefore play an important role in its operation because they are the only grounds on which a section 170.6 motion may be denied. They are 'safeguards designed to minimize abuses' of the provision." *Bontilao v. Superior Ct.*, 37 Cal.App.5th 980, 1001 (2019). There is no authority stating that a judge may "waive" the untimeliness of a section 170.6 affidavit. *Ibid.*

Here, plaintiff's case was assigned for all purposes to Judge Whitaker on October 25, 2023. RJN, ex. 1, p. 5; ex. 3. Notice of this assignment was given to plaintiff. RJN, ex. 3. Plaintiff was entitled to file a peremptory challenge to Judge Whitaker within 15 days after the notice of assignment, on or before November 9,

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2023.  Plaintiff alleges that he went to deliver his motion for peremptory challenge on December 9, 2023.  Cmplt., p. 3.  Thus, plaintiff's motion was untimely and the alleged failure to obstruct the filing of this motion did not deprive plaintiff of any constitutional right.

Additionally, plaintiff's right to exercise a peremptory challenge against a judge is created a statute and is without a constitutional foundation.  A party to, or an attorney appearing in, a civil or criminal action or a special proceeding is permitted by California Code of Civil Procedure section 170.6 to disqualify summarily a judge who has been assigned to the case, based on a sworn statement of the party's or attorney's belief that the judge is prejudiced against that party or attorney, or the interest of that party or attorney.  See Code of Civil Procedure section 170.6(a)(1), (2).  The right to exercise a peremptory challenge against a judge is a creation of statute: it did not exist before the enactment of Code of Civil Procedure section 170.6.  *Orion Communications, Inc. v. Superior Court*, 226 Cal.App.4th 152, 157 (2014); See *Bontilao v. Superior Court*, 37 Cal.App.5th 980, 1001 (2019) (this statutory right is without constitutional or common law foundations).  Therefore, plaintiff's peremptory challenge did not implicate any constitutional entitlement.

Plaintiff also alleges that the Superior Court is also liable for the alleged deprivation of his constitutional rights due to its reckless negligence in allowing a blatant scheme.  Cmplt., p. 3.  However, Section 1983 does not apply to the Superior Court because it is not a "person" under the statute.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Id*.  Thus, plaintiff cannot state a claim pursuant to 42 U.S.C. section 1983 against the Superior Court as a matter of law.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

13
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
{motion to dismiss-1 }

1   Accordingly, plaintiff has failed to allege facts sufficient to state a claim

2   pursuant to 42 U.S.C. section 1983 and the motion to dismiss must be granted.

**VI.**

**CONCLUSION**

5   For all the foregoing reasons, the motion to dismiss of the Honorable Michael

6   E. Whitaker, Judge of the Superior Court of California, County of Los Angeles; and

7   Superior Court of California, County of Los Angeles, erroneously sued as, Superior

8   Court of Los Angeles, should be granted and the complaint dismissed with

9   prejudice.

10   Dated: February 5, 2024   **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES**

By:   /s/ Lindsay N. Frazier-Krane
Sarah L. Overton, Esq.
Lindsay N. Frazier-Krane, Esq.
Attorneys for Defendants,
the Honorable Michael E. Whitaker,
Judge of the Superior Court of California,
County of Los Angeles; and
Superior Court of California,
County of Los Angeles, erroneously sued as,
Superior Court of Los Angeles

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

14

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

{motion to dismiss-1 }

## DECLARATION OF LINDSAY N. FRAZIER-KRANE

I, Lindsay N. Frazier-Krane, declare as follows:

1.      I am an attorney duly licensed to practice law before the United States District Court, Central District of California, and I am associate at the law firm Cummings, McClorey, Davis, Acho & Associates, attorneys for the moving parties in this matter.  If called upon as a witness, I would competently testify to the matters stated herein, except for those matters stated upon my information and belief and, to those matters, I believe them to be true.

2.      On January 26, 2024, I sent plaintiff Todd Michael Schultz written correspondence outlining in detail the substance of the contemplated motion to dismiss that I intended to file on behalf of the moving parties in this action.  I informed Mr. Schultz that this letter was a first step in the meet and confer process required by United States District Court, Central District of California, Local Rule 7-3.  I requested that Ms. Schultz contact me after he had a chance to consider the authority set forth in the written correspondence so that we could discuss the substance of the anticipated motion by telephone.

3.      The correspondence from January 26, 2024, was sent via U.S. Mail and electronic mail.

4.      After receiving the correspondence on January 26, 2024, Mr. Schultz replied via electronic mail stating that he would not meet and that he had already won.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 5, 2024, at Los Angeles, California.

/s/ Lindsay N. Frazier-Krane
Lindsay N. Frazier-Krane

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

15
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
{motion to dismiss-1 }

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California.  I am over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on February 5, 2024, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; [F .R. Civ. P. Rules 12(b)(1), (6)]; DECLARATION OF LINDSAY N. FRAZIER-KRANE**, with the Clerk of the Court by using the CM/ECF system.  I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the CM/ECF system.

Executed on February 5, 2024, in Riverside, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Charmaine Apacible
Charmaine Apacible

{motion to dismiss-1 }