UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TODD MICHAEL SCHULTZ,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:23-cv-10715-JAK (DTB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable John A. Kronstadt, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## BACKGROUND

On December 20, 2023, plaintiff Todd Michael Schultz filed a Complaint under 42 U.S.C. § 1983 ("Section 1983") naming as defendants the Superior Court of Los Angeles ("Superior Court"), Jane Doe, John Doe, and Judge Michael E. Whitaker ("Judge Whitaker"). Plaintiff does not state the capacity in which he sues the defendants.

The gravamen of plaintiff's claims is that the defendants conspired to obstruct his state court proceedings in Los Angeles County Superior Court Case No. 23SMCV05033 (Complaint at 1-2). Specifically, plaintiff alleges that two Superior Court employees in the clerk's office of the Beverly Hills Courthouse, identified as Jane Doe and John Doe, conspired to obstruct and otherwise deny his ability to file a motion to peremptorily challenge Judge Whitaker from presiding over his matter in Los Angeles County Superior Court Case No. 23SMCV05033. (Complaint at 1-2.) Plaintiff also alleges that defendants, including Judge Whitaker, conspired to violate his right to due process. (Complaint at 5-6.) Plaintiff seeks compensatory, monetary, and punitive damages. (Complaint at 6.)

On February 5, 2024, defendants Superior Court and Judge Whitaker filed a Motion to Dismiss (Dkt. # 70) ("Motion"), on the following grounds: (1) The Complaint is barred against defendants Superior Court and Judge Whitaker pursuant to the Eleventh Amendment; (2) the Complaint is barred against defendants Superior Court and Judge Whitaker by absolute judicial and quasi-judicial immunity; and (3) the Complaint fails to state a claim upon which relief can be granted against defendants Superior Court and Judge Whitaker. On the same date, the Court ordered plaintiff to file and Opposition, if any, to the Motion, on or before March 5, 2024. Plaintiff was advised that the Motion would be taken under submission as of the date his Opposition is due and/or filed. Plaintiff did not file an Opposition and, therefore, this matter was taken under submission on its due date.[1]

For the reasons set forth below, the undersigned recommends that the Motion be granted and this matter be dismissed with prejudice.

---

[1] As plaintiff did not oppose the Motion, pursuant to Central District of California Local Rule 7-12, the Court may consider plaintiff's failure to oppose the Motion as consent to granting the Motion. See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

2

## II.
## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Pleadings by pro se plaintiffs are reviewed liberally and afforded the benefit of the doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In reviewing a complaint to assess whether it states a viable claim, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" to a defendant of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (holding even pro se pleadings "must meet some

minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

Thus, to survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. Allegations that are "merely consistent with" a defendant's liability or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions . . . that 'plausibly give rise to an entitlement to relief' . . . . The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting Iqbal, 556 U.S. at 679).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See,

4

e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## III.

## DISCUSSION

**A. The Claims Against the Superior Court and Judge Whitaker are Barred by the Eleventh Amendment.**

The Eleventh Amendment bars federal jurisdiction over lawsuits by individuals against a State and its instrumentalities and agencies unless the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). Thus, "an unconsenting state is immune from suits brought in federal court by her own citizens as well as by citizens of another state." Employees v. Missouri Public Health & Welfare Dep't., 411 U.S. 279, 280 (1973). California has not consented to suit against it in federal court. See BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). Moreover, the Supreme Court has found that Congress did not intend Section 1983 to abrogate a State's Eleventh Amendment immunity. Kentucky v. Graham, 474 U.S. 159, 169 n. 17 (1985) (citing Quern v. Jordan, 440 U.S. 332 (1979).

The superior courts in California, including defendant Superior Court, have been found to be arms of the State of California for purposes of the Eleventh Amendment and are therefore immune from suit. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); see also Munoz v. Superior Court of Los Angeles County, 91 F.4th 977, 980 (9th Cir. 2024) (citing Zolin, 812 F.2d at 1118). Moreover, the Superior Court's immunity under the

Eleventh Amendment extends to its individual officers, thereby conferring immunity on Judge Whitaker as well.  Munoz, 91 F.4th at 980.

As such, plaintiff's claims against the Superior Court, as an arm of the State of California, as well as against Judge Whitaker, as an officer of the Superior Court, are barred by the Eleventh Amendment.  Munoz, 91 F.4th at 980; Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (finding claim against superior court barred by the Eleventh Amendment); Zolin, 812 F.2d at 1110 ("a suit against the Superior Court is a suit against the State, barred by the eleventh amendment").  Finally, as it pertains to plaintiff's allegations under 42 U.S.C. §1983, "[a]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983."  Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365 (1990).  Thus, dismissal is warranted on this basis as well.

Accordingly, the Motion should be granted on this ground and the Complaint should be dismissed as to the Superior Court and Judge Whitaker on the basis that they are both immune from suit under the Eleventh Amendment.

**B.     Judge Whitaker is Entitled to Absolute Judicial Immunity.**

Judges are absolutely immune from suit for any actions related to their official judicial duties in connection with a case, except where a judge acts outside of his or her judicial capacity or in the complete absence of jurisdiction.  Mireless v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (see also Meek v. Cty of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("It is well settled that Judges are generally immune from civil liability under section 1983.").

Judicial immunity attaches to the actions of a judge regardless of "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (superseded by statute on other grounds).  Even if a plaintiff alleges that the judge's act was malicious or in bad faith, judicial immunity applies.  Mireless, 502 U.S. at

11-12; Stump v. Sparkman, 435 U.S. 349, 356 (1978).  Only when action is taken in the "clear absence" of jurisdiction does a judge lose the cloak of judicial immunity, as when judicial officers "rule on matters belonging to categories which the law has expressly placed beyond their purview."  O'Neil v. City of Lake Oswego, 642 F.2d 367, 369-70 (9th Cir. 1981) (distinguishing between actions taken "in clear absence of all jurisdiction" and those merely "in excess of jurisdiction.")

Here, plaintiff's claims against Judge Whitaker are all based on allegations arising out of plaintiff's Los Angeles County Superior Court Case No. 23SMCV05033 and the performance of Judge Whitaker's duties relating thereto. (Complaint at 5-6.)  Specifically, insofar as the Court can glean from the allegations of the Complaint, plaintiff alleges that Judge Whitaker was involved in a conspiracy with two employees of the Superior Court's Clerk's Office to thwart plaintiff's ability to file his motion to exercise a peremptory challenge to Judge Whitaker presiding over his Superior Court case (Complaint at 4-5), and also alleges that Judge Whitaker, along with the Doe defendants, engaged in "abuse of power" by virtue of their actions pertaining to his pending state court action (Complaint at 5).

Thus, all of the allegations concerning Judge Whitaker arise from the performance of his duties as a judge of the Superior Court pertaining to plaintiff's lawsuit in Los Angeles County Superior Court Case No. 23SMCV05033, with no reasonable argument that the performance of such duties was in excess of his proper jurisdiction.  Accordingly, Judge Whitaker is entitled to absolute judicial immunity from all of the claims in the Complaint. Therefore, the Motion should also be granted on this ground and the  Complaint should be  dismissed.

      **C.**    **The Doe Defendants are Entitled to Quasi-Judicial Immunity.**

Judicial immunity also extends to non-judicial officers for "all claims relating to the exercise of judicial functions."  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (as amended) (citation omitted).  "The Supreme Court has recognized that

7

individuals, when performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process, are entitled to a grant of absolute quasi-judicial immunity." Id. at 948.  As long as the challenged activities are an integral part of the judicial process and were not taken in clear absence of all jurisdiction, court clerks enjoy absolute quasi-judicial immunity, regardless of whether the actions were done in error. See Mullis v. U.S. Bankr. Court for the Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir.1987) (clerks who erred in failing to carry out their duties acted within general subject matter jurisdiction of their positions and consequently qualified for quasi-judicial immunity).  As such, quasi-judicial immunity protects clerical administrative functions, including the preparation and filing of documents. See id.; see also Castillo, 297 F.3d at 952 (extending quasi-judicial immunity to court clerks and other non-judicial officers for purely administrative acts - acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function).  In such instances, "to determine whether a non-judicial officer is entitled to absolute quasi-judicial immunity, courts must look to the nature of the function performed and not to the identity of the actor performing it." Id. at 947 (citations omitted).

     Here, the Complaint alleges that plaintiff provided two documents to defendant Jane Doe at the Beverly Hills courthouse of defendant Superior Court in order for them to be filed. (Complaint at 1-4.)  Plaintiff alleges that he asked if the documents could be filed, and Jane Doe responded, "I don't know." (Id. at 4.)  Jane Doe is alleged to have conferred with John Doe, and then informed plaintiff that she would put the documents "in Judge Whitaker's mailbox." (Id. at 1.)  Plaintiff alleges that subsequently, Judge Whitaker informed plaintiff that he never received the documents. (Id. at 2.)  Plaintiff alleges that the Clerk's Office rejected, ignored, or failed to file several other motions or documents. (See, id. at 2, 4-5.)

///

The Court finds that the allegations against the unnamed Doe defendants - the filing of motions and documents with the court – involve conduct which is inherently an integral part of the judicial process, as documents must first be filed with the clerk's office before they can be reviewed by a judicial officer.  As such, these defendants are entitled to quasi-judicial immunity from suit on such allegations. Accordingly, the claims against Jane Doe and John Doe are barred by the doctrine of quasi-judicial immunity, and the Complaint should be dismissed.

### D.     Dismissal Should be With Prejudice and Without Leave to Amend.

Generally, a pro se litigant in a civil rights action should be "given notice of the deficiencies of his or her complaint" and provided with the opportunity to cure such deficiencies by further amendment.  Eldridge v. Block, 832 F2d. 1132, 1135-36 (9th Cir. 1987).  However, dismissal without the opportunity to amend is permitted where it is clear the deficiencies cannot be cured by amendment.  Chaset, 300 F.3d 1088.  Here, as set forth above, the defendants are immune from the claims raised against them by plaintiff, based on the allegations of the Complaint.  Such immunities will not be altered by further amendment of the Complaint, and it is therefore clear that the deficiencies in the Complaint cannot be cured by further amendment.   Therefore, it is recommended that the Complaint be dismissed with prejudice and without leave to amend.  See, id. at 1088.  ("[T]here is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) Approving and accepting this Report and Recommendation; (2) granting Defendants' Motions to Dismiss (Dkt. Nos. 5, 8, 10-11, and 13) dismissing plaintiff's claims without leave to amend; and (3) entering Judgment dismissing this action with prejudice.

Dated: June 7, 2024

DAVID T. BRISTOW
United States Magistrate Judge